UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MONTANA L. DRAPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02215-WTL-DLP |
| | ) | |
| IPPEL, | ) | |
| ROBBERSON, | ) | |
| GABRERRA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on Plaintiff Montana Draper's motion for leave to proceed *in forma pauperis* and for screening of his complaint.

### I. Motion for Leave to Proceed *In Forma Pauperis*

Mr. Draper's motion for leave to proceed *in forma pauperis*, Dkt. No. 3, is granted to the extent that he is assessed an initial partial filing fee of Twelve Dollars and Sixty Cents ($12.60). He shall have through August 24, 2018, in which to pay this sum to the clerk of the district court.

Notwithstanding the foregoing ruling, the plaintiff still owes the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). However, only the initial partial filing fee is due by the deadline set forth above.

## II. Screening

Because Mr. Draper is an inmate confined at the New Castle Correctional Facility (NCCF), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as Mr. Draper's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### A. The Complaint

Mr. Draper's complaint alleges that, on May 18, 2018, he punched a glass window at NCCF and broke his hand. It further alleges that he did not receive prompt or proper medical attention thereafter. As a result, he continues to experience pain (as he has not received any medication), and he believes his hand is not healing properly.

The complaint identifies three doctors—Dr. Ippel, Dr. Robberson, and Dr. Gabrerra—as defendants. Although the complaint describes various actions by doctors, it does not attribute any action to any doctor in particular. Instead, it makes more general statements like, "the Doctor came

to the Mental Health unit to see my hand," and "The Doctor said he did not think it was broke." Dkt. No. 1 at 2.

**B.     Personal Involvement and Fair Notice Requirements**

The complaint asserts that Mr. Draper is entitled to relief under 42 U.S.C. § 1983 because the defendants demonstrated deliberate indifference to his serious medical condition in violation of the Eighth Amendment. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

In addition to § 1983's "personal involvement" requirement, the Federal Rules of Civil Procedure require that a complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)).

**C.     Analysis of Claims**

As presented, Mr. Draper's complaint does not satisfy either § 1983's personal involvement requirement or Rule 8's fair notice requirement. The complaint does not include any factual allegations making clear what actions any individual defendant is alleged to have taken. As

3

such, the Court cannot reasonably infer that any defendant would be liable if the allegations in the complaint were proven true. Moreover, the complaint does not provide any of the three defendants with fair notice of the allegations against them and, therefore, what allegations they need to defend.

**D.      Dismissal of Complaint and Order to Amend**

For the reasons explained above, Mr. Draper's complaint is dismissed because it fails to state a claim upon which relief may be granted. He shall have through August 24, 2018, to file an amended complaint that satisfies the pleading standards set forth above and clearly identifies which defendants are alleged to have committed which unconstitutional actions. Otherwise, the Court will dismiss this action without further warning for failure to state a claim upon which relief may be granted.

If Mr. Draper files an amended complaint, it must be titled "Amended Complaint" and include the caption for this case on the first page. The amended complaint will be subject to the screening requirement of 28 U.S.C. § 1915A. If the amended complaint proceeds past screening, it will completely replace the original complaint. Therefore, the amended complaint must identify all defendants and set forth all claims for relief Mr. Draper wishes to pursue in this action.

### III. Conclusion and Further Proceedings

As discussed in Part I of this Order, Mr. Draper's motion for leave to proceed *in forma pauperis*, Dkt. No. 3, is **granted** to the extent that he is assessed an initial partial filing fee of Twelve Dollars and Sixty Cents ($12.60). He shall have **through August 24, 2018**, in which to pay this sum to the clerk of the district court.

For the reasons set forth in Part II of this Order, Mr. Draper's complaint is **dismissed** because it fails to state a claim upon which relief may be granted. He shall have **through August 24, 2018**, to file an amended complaint consistent with Part II(D) of this Order. Otherwise, the

Court will dismiss this action without further warning for failure to state a claim upon which relief may be granted. The **clerk is directed** to include a form complaint with Mr. Draper's copy of this Order.

**IT IS SO ORDERED.**

Date: 7/27/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MONTANA L. DRAPER
983869
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Financial Deputy Clerk