UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MONTANA L. DRAPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02215-JMS-DLP |
| | ) | |
| DR. ROBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT DR. ROBERTSON'S
MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Montana Draper, an inmate currently housed at Pendleton Correctional Facility (Pendleton), filed this civil action based on events that occurred while Mr. Draper was incarcerated at New Castle Correctional Facility (New Castle). Mr. Draper broke his hand on May 17, 2018, when he punched a window. The claim remaining in this case is Mr. Draper's claim that Dr. Robertson lied about his hand being partially healed when Dr. Robertson saw him on June 13, 2018. Dr. Robertson seeks summary judgment arguing that Mr. Draper failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), before filing this lawsuit. Mr. Draper has not opposed the motion for summary judgment. For the reasons explained below, the motion for summary judgment is **granted.**

**Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying" designated evidence which

"demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, "the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a *genuine issue for trial*.'" *Cincinnati Life Inc. Co. v. Beyrer*, 722 F.3d 939 (7th Cir. 2013) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Mr. Draper failed to respond to the defendant's motion for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Draper has conceded the defendant's version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). Because Mr. Draper failed to respond to the defendant's motion, and thus failed to comply with the Court's Local Rules regarding summary judgment, the Court will not consider allegations in Mr. Draper's complaint as evidence opposing the motion for summary judgment. Although *pro se* filings are construed liberally, *pro se* litigants such as Mr. Draper are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "pro se litigants are not

excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## Statement of Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Draper as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).[1]

At all times relevant to the claims in this case, Mr. Draper was an inmate within the Indiana Department of Correction (IDOC). The IDOC has an Offender Grievance Process which is intended to permit inmates to resolve complaints relating to their conditions of confinement before filing suit in court. All inmates are made aware of the offender grievance process upon their arrival at an IDOC institution and a copy of the grievance process is available in the inmate handbook provided to inmates and in the law libraries.

Pursuant to the Grievance Process, an inmate must first attempt to resolve his complaint informally. If the informal grievance process is unsuccessful, the inmate must file a Level I formal grievance with the Grievance Specialist. Once a response is given to the Level I formal grievance,

---

[1] In support of his motion for summary judgment, Dr. Robertson states that the evidence and argument presented by co-defendants Lt. Sexton and Dr. Ippel that Mr. Draper did not exhaust his available administrative remedies applies equally to the claims against Dr. Robertson. Because he failed to respond to the motion for summary judgment, Mr. Draper failed to present any evidence to rebut Dr. Robertson's contention.

an inmate may decide if the grievance has been satisfied. If the decision made on a Level I formal grievance is not satisfactory, the inmate may file a Level I appeal to the Warden. If the inmate is not satisfied with the resolution of the Level I appeal to the Warden, the inmate may then file a Level II appeal to the Department Offender Grievance Manager. Successful exhaustion of the grievance procedure by an inmate includes timely pursuing each step or level of the informal and formal process.

Mr. Draper has filed two grievances related to the incident on June 13, 2018. First, on June 28, 2018, Mr. Draper filed a grievance with the Grievance Specialist at New Castle alleging that he did not receive proper medical treatment for his fractured hand. This grievance was returned to Mr. Draper because it was not filed timely.

Mr. Draper submitted another grievance on July 25, 2018, to the Grievance Specialist at Pendleton. In this grievance, Mr. Draper claims that he has been denied medical care and subjected to pain and suffering. This grievance was returned to Mr. Draper because it was incomplete and Mr. Draper had not tried to informally resolve his complaint.

According to the review completed by the Grievance Specialist at Pendleton, Mr. Draper did not appeal either grievance. He also did not attempt to file any additional grievances regarding the care and treatment he received for his fractured hand.

## Discussion

Dr. Robertson asserts that Mr. Draper failed to exhaust his available administrative remedies as required by the PLRA with respect to the claims against him. Mr. Draper did not respond to Dr. Robertson's motion for summary judgment, and the time to do so has passed.

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

It is the defendant's burden to establish that the administrative process was available to Mr. Draper. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendant must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

The uncontested facts demonstrate that Dr. Robertson has met his burden of proving that Mr. Draper "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. Mr. Draper previously availed himself of the administrative remedy process which supports the assertion that he was informed of the process and knew how to use it.

Mr. Draper filed two grievances about his broken hand. However, he did not further pursue the grievance process after either grievance was returned to him. Dr. Robertson has therefore met his burden of showing that Mr. Draper failed to exhaust his administrative remedies before filing this lawsuit. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

## Conclusion

For the foregoing reasons, the motion for summary judgment. dkt. [44], is **granted.** All claims against Dr. Robertson are **dismissed without prejudice.** Judgment consistent with this Order, the Order Granting Defendant Dr. Ippel's Motion for Summary Judgment (dkt. 40), the Order Granting Defendant Lieutenant Sexton's Motion for Summary Judgment (dkt. 39), and the Order Screening Amended Complaint (dkt. 12) shall now issue.

**IT IS SO ORDERED.**

Date: 10/4/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MONTANA L. DRAPER
983869
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel